UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 14-0145-DOC (RNBx)　　　　　　　　Date: December 2, 2014

Title: MATTHEW EDINGER v. CITY OF WESTMINSTER, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:
　　　　　None Present　　　　　　　　　　　　　　None Present

**PROCEEDINGS (IN CHAMBERS):　ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [31]**

　　　　Before the Court is Defendants Ron Coopman, William Collins, and Albert Panella's Motion to Dismiss Plaintiff's Third Amended Complaint ("Motion") (Dkt. 31). Having considered the Motion, opposition, and reply, the Court hereby GRANTS in part and DENIES in part the Motion.

**I.　BACKGROUND**

　　　　Matthew Edinger ("Mr. Edinger") has been employed by Defendant City of Westminster, Westminster Police Department ("City of Westminster") as a police officer since 1997. Third Am. Compl. ("TAC") ¶¶ 3, 11. Up until 2010, Mr. Edinger received "exemplary performance evaluations" and "numerous awards and commendations." *Id.* ¶ 11.

　　　　In July 2010, one of Mr. Edinger's coworkers (Reyes) claimed that a supervisor was discriminating against him. *Id.* ¶ 12. Defendant Ron Coopman ("Mr. Coopman"), then Captain of the Department, advised the police chief of the allegations, who in turn assigned the investigation to Defendant Albert Panella ("Mr. Panella"), then a lieutenant in internal affairs, to complete. *Id.* ¶ 13. During an investigation of the coworker's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0145-DOC (RNBx)                                        Date: December 2, 2014

Page 2

allegations, Mr. Edinger provided a truthful statement relating to his observations of the interactions between the coworker and the coworker's supervisor to Mr. Panella's assistant. *Id.* ¶ 16. The statement supported the coworker's claim and implicated Mr. Edinger's supervisor. *Id.* Mr. Edinger's participation in the investigation quickly became well-known in the Department. *Id.*

Not long after making his statement, Mr. Edinger was informed that the Department had concluded Reyes' complaints were unfounded. *Id.* ¶ 18. At the conclusion of the investigation, Mr. Coopman reviewed the information gathered during the investigation, including Mr. Edinger's interview. *Id.* Panella was also aware of the content of the interview, due to his supervisory role in the investigation. *Id.* Defendant William Collins ("Mr. Collins"), who oversaw three Internal Affairs investigations against Mr. Reyes, learned of Mr. Edinger's interview by late December 2010. *Id.*

Shortly thereafter, Mr. Edinger received two negative log entries from his supervisors. *Id.* ¶ 19. Also, in the following months, he was denied several assignments and promotions. *Id.* ¶ 20. In November 2010, a junior officer was selected for the Narcotics/Special Investigations Unit over Mr. Edinger. *Id*. In January 2011, Mr. Edinger was passed over for a promotion to corporal. *Id.* ¶ 21. Seven officers were promoted, and five had less experience than him. *Id.* In November 2011, he was again denied a promotion to corporal, and a junior officer who had not submitted a memorandum of interest or taken the written test was promoted instead. *Id.* ¶ 22. In March 2012, he applied but was not selected for a Narcotics position, and a junior officer with no prior experience in the detective's bureau was given the assignment instead. *Id.* ¶ 23.

In October 2012, Mr. Edinger submitted a memorandum of interest for a position as an Auto Theft Detective, but a junior officer with a disciplinary record was selected instead. *Id.* ¶ 24. When Mr. Edinger expressed disappointment to Mr. Collins about being passed over, Mr. Collins advised him that the position was 'entry level' and that Mr. Edinger should apply for apposition in Robbery/Homicide as it would be a better fit for his experience. *Id.* In October 2012, Mr. Edinger also submitted his name for consideration for a position in the Special Investigations Unit, but was not selected. *Id.* ¶ 25. At all relevant time, Mr. Collins was the decision-maker regarding detective promotions within the department. *Id*. ¶ 27.

In October and November of 2012, two sergeants hid Mr. Edinger's assigned patrol vehicle on two separate occasions. *Id.* ¶ 26. A sergeant also removed Mr. Edinger's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0145-DOC (RNBx)　　　　　　　　　　　　　　　　　Date: December 2, 2014

Page 3

duty gear from his patrol vehicle and left it on the floor of the watch commander's office. *Id.* He reported these incidents to Mr. Panella. *Id.*

In November 2012, Mr. Edinger was deposed in connection with a civil action filed against the City of Westminster by a coworker who claimed to be the target of discrimination. *Id.* ¶ 28. His testimony tended to support his coworker's claims. *Id.* ¶ 30. Prior to the deposition, Mr. Panella called Plaintiff multiple times to discuss his testimony, and became upset when Plaintiff refused. *Id* ¶ 28.

Around that time, Mr. Edinger reported to Mr. Panella his concern that he was being retaliated against for his testimony related to his coworker's discrimination claims. *Id.* ¶ 31. Mr. Panella divulged this report to Mr. Collins and Defendant Dan Schoonmaker ("Mr. Schoonmaker"). *Id.*

Afterwards, Westminster Police Department employees began playing additional practical jokes on and teasing Mr. Edinger. *Id.* ¶ 32. His supervisors also harassed and bullied him. *Id.*

In December 2012, Mr. Edinger applied to the Trauma Support Team, at the encouragement of the sergeant in charge. *Id.* ¶ 33. The sergeant in charge made a request to Mr. Schoonmaker to assign Mr. Edinger, but Mr. Schoonmaker denied the request and selected a junior officer instead. *Id.* In January 2013, Mr. Edinger's newer patrol vehicle was taken away and he was assigned one of the oldest patrol vehicles. *Id.* ¶ 34.

From January 2011 to July 2012, Mr. Coopman was the chief of police overseeing the department. *Id.* ¶ 35. He "had direct knowledge of retaliation against Plaintiff prior to his retirement in July 2012 and was either ordering such retaliation or condoning it." *Id.* As Chief "he was the final policy maker for the department with respect to personnel decisions." *Id.* While he at times delegated his policy-making authority with respect to personnel decisions, he "at all times ratified" the conduct of his subordinates. *Id.*

On December 18, 2012, the City of Westminster informed Mr. Edinger that the Westminster Police Department would commence an investigation of his claims of retaliation. *Id.* ¶ 37. On May 28, 2013, Mr. Edinger submitted a tort claim under California Government Code Section 910. *Id.* ¶ 40. It was denied. *Id.*

Mr. Edinger now files suit against the City of Westminster, Mr. Coopman, Mr. Collins, Mr. Panella, and Mr. Schoonmaker asserting one claim under 42 U.S.C. § 1983 for First Amendment retaliation. *See generally* TAC.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

Generally, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0145-DOC (RNBx)                              Date: December 2, 2014

Page 5

## III. ANALYSIS

To state a claim of First Amendment retaliation under § 1983, a plaintiff must allege: (1) he spoke on a matter of public concern; (2) he spoke as a private citizen rather than a public employee; and (3) defendants took an adverse employment action against the plaintiff for which the plaintiff's protected speech was a "substantial or motivating" factor. *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012).

"To establish that retaliation was a substantial or motivating factor behind an adverse employment action, a plaintiff may introduce evidence that (1) the speech and adverse action were proximate in time, such that a jury could infer that the action took place in retaliation for the speech; (2) the employer expressed opposition to the speech, either to the speaker or to others; or (3) the proffered explanations for the adverse action were false and pretextual." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1062 (9th Cir. 2013).

An individual may be held liable under § 1983, "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Redman v. County of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Baren v. Harington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

According to the Court's September 11th Order, to show individual Defendants are liable under Section 1983, Mr. Edinger must allege (1) that decision makers were "in fact were aware of" Mr. Edinger's participation in the 2010 Internal Affairs investigation that took place in or about July 2010 or his November 2012 deposition and (2) show there is a causal connection between Mr. Edinger's participation and alleged retaliatory acts committed by the Defendants.

      <u>Defendant Coopman</u>

Plaintiff alleges that he gave a statement as part of the IA investigations into his co-worker's allegations, and that Defendant Coopman "reviewed the information gathered as part of the investigation, part of which was [Plaintiff's] interview, at the conclusion of the investigation." TAC ¶ 18. Defendants argue Plaintiff does not allege that Defendant Coopman took an adverse employment action against him for which his speech was a "substantial or motivating" factor. Mot. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0145-DOC (RNBx)                          Date: December 2, 2014

Page 6

Plaintiff states that "Defendant Coopman had direct knowledge of retaliation against Plaintiff prior to his retirement in July 2012, and was either ordering such retaliation or condoning it," and that he "at all times delegated [his] authority to his subordinates with respect to personnel decisions, but at all time ratified their discriminatory and retaliatory conduct." TAC ¶ 35.

There are two incidents at issue that took place between May 28, 2011, the date before which the statute of limitations bars any claims, and July 2012, when Mr. Coopman retired. The first occurred around November 2011, when Edinger was denied the Corporal position in favor of a junior officer who had not submitted a memorandum of interest or taken a written test. *Id.* ¶ 21. The second occurred in March 2012, when Edinger was denied a promotion to Narcotics Detective in favor of a junior officer with no prior experience. *Id.* ¶ 23.

Plaintiff has effectively pleaded that Mr. Coopman was aware of the Plaintiff's statement in the IA investigation in 2010. He has also successfully alleged that Mr. Coopman did an affirmative act, or participated in another's affirmative act in the hiring decisions that took place, through his supervisory role in the department. TAC ¶ 35. The sole question that remains is whether an inference of retaliatory motive can be established based upon the facts at issue: the July 2010 interview and employment decisions in November 2011 and March 2012.

Plaintiff maintains that "an inference of retaliatory motive can be established where a less qualified and less senior candidate is selected for a position sought by the individual who engaged in protected speech." Opp'n at 6. To support this position, Plaintiff relies on a Fifth Circuit case addressing age discrimination under the Age Discrimination Employment Act. *See EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1444 (5th Cir. 1995). For the purposes of a Section 1983 First Amendment retaliation claim, however, to support an inference of retaliatory motive, the Plaintiff must (1) show proximity in time between the protected speech and the allegedly retaliatory employment decision; (2) introduce evidence that "his employer expressed opposition to his speech, either to him or to others" or (3) introduce evidence showing that his employer's proffered explanations for the adverse employment action were "false and pretextual." *Ellins,* 710 F.3d at 1062.

Plaintiff has not alleged that Mr. Coopman expressed opposition to his speech. He has also not shown that Mr. Coopman proffered any explanations for the adverse employment action – let alone false and pretextual ones. Plaintiff must therefore show a close enough proximity in time to draw an inference of retaliatory motive. The gap

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0145-DOC (RNBx)                              Date: December 2, 2014

Page 7

between the interview and the negative employment actions are 16 months and 20 months, respectively. Without more, the Court finds that these gaps are too long to create an inference of causation in this instance. *See, e.g.*, *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (a nearly 18–month lapse between protected activity and an adverse employment action is simply too long, by itself, to give rise to an inference of causation) (citations omitted); *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1010 (7th Cir. 2000) (one-year). As such, the Plaintiff has not shown that Mr. Coopman violated Section 1983.

The therefore Court GRANTS Defendant's Motion to Dismiss as to Mr. Coopman and the claim as to Mr. Coopman is DISMISSED WITH PREJUDICE.

<u>Defendant Panella</u>

As to Defendant Panella, Defendants argue that Plaintiff has not alleged that Defendant Panella took an adverse employment action against him for which Plaintiff's protected speech was a "substantial or motivating factor." Mot. at 5.

Plaintiff has alleged that Mr. Panella was aware of the 2010 IA investigation. TAC ¶ 18. Plaintiff has also claimed that "Panella was attempting to make Edinger discuss his upcoming deposition testimony" with City Attorneys and that "Panella became upset when Edinger indicate that he did not want to do so." *Id.* ¶ 28. This overt pressure, combined the Mr. Panella's knowledge of Plaintiff's 2010 testimony in the IA investigation, shows Mr. Panella was aware of Plaintiff's deposition testimony.

Plaintiff alleges in the TAC that Mr. Panella began taking adverse employment actions in November 2012, when he failed to investigate various incidents that Plaintiff reported to him regarding his complaints of retaliation, and disclosed Plaintiff's concerns regarding retaliation to others. TAC ¶ 26, 28, 30-32. Based on these facts, Plaintiff asserts two bases for establishing an "adverse employment action." First, that Mr. Panella divulged Plaintiff's concerns regarding retaliation to other defendants for a retaliatory purpose, who in turn denied him promotions. Opp'n at 7. Next, Plaintiff argues that the failure to investigate the incidents in October and early November 2012 itself amounts to an independent adverse action. TAC ¶ 26.

An adverse employment action is one which can be reasonably expected to deter protected speech. *See Coszalter v. City of Salem*, 320 F.3d 968, 976 (9th Cir. 2003). Defendants do not dispute that a failure to investigate may be considered an adverse employment action. Reply at 5; *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0145-DOC (RNBx)                          Date: December 2, 2014

Page 8

712, 722 (2d Cir. 2010). Plaintiff has alleged that Mr. Panella did not investigate his reports of retaliation. TAC ¶ 26. But Defendants argue that because "Defendants opened an investigation on December 18, 2012," the TAC does not allege a failure to investigate. The separation in time between the reports to Mr. Panella and the investigation conducted by "Defendants" is enough to establish that Mr. Panella, at least for some period, failed to investigate. It is also plausible that he completely failed to investigate, and someone or something else triggered the later investigation. This failure, taken as true, could reasonably be expected to deter speech. However, this alleged failure to investigate occurred two years after the 2010 IA interview, prior to the November 2012 deposition. As discussed above, this gap is too long to support an inference of causation.

Furthermore, the Court rejects once more the theory that Panella can be held liable for being a link in a causal chain "leading up to the alleged retaliation." Order, September 11, 2014 (Dkt. 29) at 9.

The Motion to Dismiss as to Defendant Panella is GRANTED, and the claim is DISMISSED WITH PREJUDICE.

<u>Defendant Collins</u>

Regarding Defendant Collins, Defendants argue Plaintiff has not alleged a causal link between his speech and getting passed over for promotions. Plaintiff alleges that Mr. Collins' refusal to select Plaintiff for an auto-theft detective position, and his recommendation that Plaintiff apply for the Robbery/Homicide position, is evidence of pretext. Opp'n at 6. Plaintiff suggests that "Collins' statement that Plaintiff was not selected because the position was 'entry-level', construed in the light most favorable to Plaintiff, indicates that Defendants knowingly selected a less experienced and less senior officer for a position sought by Plaintiff." *Id*. at 8. Taken in light of the fact that Plaintiff applied to numerous other positions, and was still passed over, Plaintiff contends this could lead to an inference that Plaintiff was passed over because of retaliatory reasons, not due to his senior status. *Id.*

The Defendants argue that Mr. Collins' comments cannot be considered false and pretextual because (1) they were not false (the position was entry level) and (2) Plaintiff never took Mr. Collins' advice to apply for the detective job.

Plaintiff does not have to show that the fact that the job was entry-level was false, he must present evidence that –even if this is true– that was not the real reason for denying him the position. Plaintiff may demonstrate pretext directly "by showing that a

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0145-DOC (RNBx)                                                         Date: December 2, 2014

Page 9

discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *See E.E.O.C. v. Boeing Co.*, 577 F.3d 1044, 1051 (9th Cir. 2009); *see also, Coszalter v. City of Salem*, 320 F.3d 968, 978 (9th Cir. 2003). He has done so, by alleging a repeated pattern of applying to higher-level positions and having been denied. Taking these facts in the light most favorable to the Plaintiff, he has adequately pleaded a claim that Mr. Collins' actions were caused by Plaintiff's protected speech in the IA investigation.

      Defendants' motion to dismiss as to Mr. Collins is DENIED.

## IV. DISPOSITION

      For the reasons explained above, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss and DISMISSES Mr. Edinger's § 1983 claims against Defendants COOPMAN and PANELLA WITH PREJUDICE.

      As explained in the Court's September 11, 2014 Order, the Court has provided Plaintiff ample opportunity to cure the deficiencies in the complaint. The Court is satisfied that the complaint could not be cured with amendment as to these Defendants, as such, dismissal with prejudice is appropriate.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                        Initials of Deputy Clerk: djg
CIVIL-GEN